**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION

IN ADMIRALTY

Case No.

Kol B'Seder, Inc., a Florida
Corporation,

    Plaintiff,

vs.

Certain Underwriters at Lloyd's of London
subscribing to Certificate No. 154766 under
Contract No. B0621MASRSWV15BND, and

Glass-Tech Corporation, a Florida corporation,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Kol B'Seder, Inc., a Florida Corporation, (hereinafter "Kol B'Seder"), by and through its undersigned counsel, sues the Defendants, Certain Underwriters at Lloyd's of London subscribing to Certificate No. 154766 under Contract No. B0621MASRSWV15BND (hereinafter "Underwriters"), and Glass-Tech Corporation, a Florida corporation (hereinafter "Glass-Tech"), and alleges as follows:

### General Allegations

1.    This is an action against Underwriters for breach of contract of insurance, and against Glass-Tech for breach of contract, breach of warranty of workmanlike

performance, and negligence; Plaintiff seeks damages in the amount of $295,000.00 exclusive of interest, attorney's fees, and court costs.

2. At all times material, the Plaintiff, Kol B'Seder, was and is a Florida corporation and owner of the motor yacht, M/Y Sababa, a 1998 model year, 58' Sunseeker Predator bearing hull identification number GB-XSK00460B898, hereinafter referred to as the "Vessel."

3. At all times material, the Defendant, Underwriters, were and are the insurers of the M/Y Sababa under their Certificate of Insurance 154766 under Contract No. B0621MASRSWV15BND, and insured the Vessel for an agreed upon sum of $295,000.00.

4. At all times material, the Defendant, Glass-Tech, was and is a Florida corporation doing business in Miami-Dade County, Florida, as a yacht repair facility, located on the Miami River, and having a street address of 3103 N.W. 20th Street, Miami, Florida, 33143.

5. This is an action in admiralty pursuant to Rule 9(h), Federal Rules of Civil Procedure. This court has jurisdiction pursuant to 28 U.S.C. § 1333.

6. All of the incidents stated herein occurred in Miami Dade County, Florida, and therefore venue is proper in this court.

7. All conditions precedent to the filing of this action have occurred or have been waived.

**Facts Giving Rise to Cause of Action**

8.     On or about January 19, 2016, Underwriters issued its insurance policy described in paragraph 3 above insuring the Vessel, providing coverage, among others, for hull, equipment, and machinery in the agreed upon amount of $295,000.00.

9.     On or about Friday, April 29, 2016, Plaintiff delivered the Vessel to Glass-Tech at approximately 1:00 PM for certain repairs and maintenance.  Prior to arriving at Glass-Tech on April 29, 2016, Plaintiff and Glass-Tech's principal, Nelson Fernandez, communicated verbally and via text message confirming that the Vessel would be hauled out of the water on that date.  On April 29, 2016, Plaintiff left its Vessel in the custody and control of Glass-Tech with the understanding that the Vessel would be secured on land on that date.

10.    Notwithstanding that Glass-Tech advised Plaintiff that it was going to haul the Vessel on April 29, 2016, and that Plaintiff believed that Glass-Tech had indeed hauled its Vessel out of the water on April 29, 2016, Glass-Tech, in fact, did not haul the Vessel out of the water on that date, and instead, made the Vessel fast to its bulkhead along the Miami River without properly securing the vessel with electrical shore power.

11.    Sometime during the afternoon of Sunday, May 1, 2016, one of Glass-Tech's employees noticed that the Vessel appeared low in the water at the stern, and that the

Vessel's swim platform was submerged; upon investigation, it was learned that the Vessel's engine compartment had taken on approximately 3 to 4 feet of water.

12.     After discovery of water intrusion into the Vessel's engine compartment, Glass-Tech pumped out the water and hauled and blocked the Vessel on land at their premises adjacent to the bulkhead where the Vessel had been partially submerged. After the vessel was hauled, it was learned that there was damage to the exterior of the starboard side rudder log allowing for water intrusion into the engine compartment.

13.     As a result of the partial submersion of the Vessel, the Vessel and her machinery sustained damages and the Vessel has been declared a constructive total loss by Underwriters' agent.

14.     The cause of entry of water into the Vessel causing her submersion and resultant damage was a cracked external rudder log which had become separated from the hull of the Vessel, allowing for intrusion of water into the Vessel's engine compartment. Plaintiff contends that this damage is a covered loss under the insurance coverage provided by Underwriters.  Plaintiff further contends that the Vessel would not have been damaged by intrusion of water had Glass-Tech hauled the vessel as agreed, or properly secured the Vessel with shore power, or provided other means to assure the Vessel's bilge pumps had adequate electrical power.

## **COUNT I – BREACH OF CONTRACT OF INSURANCE**

15.     Plaintiff realleges paragraphs 1 through 14.

16. Defendant Underwriters issued its policy of insurance to Plaintiff as alleged in paragraph 3 herein. Pursuant to terms of the insurance, Underwriters are required to pay Plaintiff for "direct accidental physical loss or damage to your Boat which occurs during the period of this insurance." The cause of water intrusion into Plaintiff's Vessel was "accidental physical … damage" to the Vessel's starboard side rudder log. Plaintiff has complied with all conditions required by the terms of subject insurance. Defendant Underwriters have advised Plaintiff that no coverage exists for the loss and damage to the Vessel. Underwriters denial of coverage is wrongful, erroneous and constitutes breach of its contract of insurance with the Plaintiff. As a result of Underwriters' breach of contract, Plaintiff has been damaged in the sum of $295,000.00.

17. Wherefore, Plaintiff demands judgment against the Defendant, Underwriters, in the sum of $295,000.00, plus pre-judgment interest, attorney's fees pursuant to Florida law, taxable costs, and such further relief as the court deems proper and just.

## COUNT II – BREACH OF CONTRACT BY GLASS-TECH

18. Plaintiff realleges paragraphs 1 through 14.

19. Plaintiff contracted with Defendant, Glass-Tech, for Glass-Tech to perform certain maintenance and repairs at Glass-Tech's boatyard on the Miami River. The work required the Vessel to be hauled out of the water and blocked on land. On April 29, 2016, Glass-Tech agreed to haul the Vessel, and/or otherwise safely secure the Vessel at their facility. Glass-Tech's personnel specifically advised Plainitiff that the Vessel would, in fact, be hauled and blocked on April 29, 2016. Notwithstanding Glass-Tech's promises and agreement, Glass-Tech failed to haul the Vessel out of the water,

or to otherwise properly secure the Vessel at Glass-Tech's dock so as to assure that the Vessel was supplied with adequate electrical power from shore. As a result of Glass-Tech's breach of contract, the Vessel was caused to become partially submerged and damaged as alleged herein, and Plaintiff has sustained damages for the total constructive loss of its Vessel in the amount of $295,000.00.

20. Wherefore, Plaintiff demands judgment against the Defendant, Glass-Tech, in the sum of $295,000.00, plus pre-judgment interest, taxable costs, and such further relief as the court deems proper and just.

## COUNT III – BREACH OF WARRANTY OF WORKMANLIKE PERFORMANCE

21. Plaintiff realleges paragraphs 1 through 14.

22. Plaintiff contracted with Defendant, Glass-Tech, for certain repairs and maintenance of the Vessel. A contract to repair a vessel in navigation is a maritime contract as defined by the General Maritime Law of the United States, which includes the implied warranty of workmanlike performance on the part to the repairman - Defendant, Glass-Tech, herein. Defendant, Glass-Tech, breached its implied warranty of workmanlike performance by failing to haul and block the Vessel on land, and/or by failing to properly secure the Vessel at its dock so as to assure that the Vessel had adequate electrical supply to operate the Vessel's bilge pumps. As a direct result of Defendant Glass-Tech's breach of its implied warranty of workmanlike performance, the Vessel became partially submerged and sustained damage rendering the Vessel a constructive total loss. Thus, Plaintiff incurred damages in the sum of $295,000.00

23. Wherefore, Plaintiff demands judgment against the Defendant, Glass-Tech, in the sum of $295,000.00, plus pre-judgment interest, taxable costs, and such further relief as the court deems proper and just.

## COUNT IV – NEGLIGENCE OF GLASS-TECH

24. Plaintiff realleges paragraphs 1 through 14.

25. Defendant, Glass-Tech, took possession of the Vessel, and undertook the duty to exercise reasonable care, including security and control of the vessel for the mutual benefit of itself and the Plaintiff.  Notwithstanding that Glass-Teck owed the Plaintiff the duty of reasonable care for the security and control of the Vessel, Glass-Tech breached its duty of care by failing to timely haul and block the vessel ashore and/or failed to take reasonable measure to assure that the Vessel's bilge pumps had an adequate supply of electrical power from ashore or otherwise.  As a result of Glass-Tech's breach of duty, Plaintiff has sustained damages for the constructive total loss of the Vessel in the amount of $295,000.00.

26. Wherefore, Plaintiff demands judgment against the Defendant, Glass-Tech, in the sum of $295,000.00, plus pre-judgment interest, taxable costs, and such further relief as the court deems proper and just.

WHEREFORE, the Plaintiff, Kol B'Seder, demands judgment against the Defendants for damages in excess of the minimum jurisdictional requirements of this Court; attorney's fees, taxing of costs, pre and post judgment interest; and such other relief as the Court deems proper and just.

Dated this 16th day of June, 2016.

                                              Respectfully submitted,

                                              */s/Domingo C. Rodriguez, Esq.*

Domingo C. Rodriguez, Esq.
Fla. Bar No. 394645
RODRIGUEZ LAW OFFICE, LLC
Domingo@rlomiami.com
Pleadings@rlomiami.com
2121 Ponce de Leon Blvd., Suite 430
Miami, Florida 33134
Tel: (305) 774-1477 ~ Fax: (305) 774-1075
Counsel for Plaintiff